**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

|  |  |  |
|---|---|---|
| **JOE PHILLIPS, JR.,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | |
| | * | **Case No.: 15-00314** |
| **BANK OF AMERICA N.A., AND** | * | |
| **EXPERIAN INFORMATION** | * | |
| **SOLUTIONS, INC.,** | * | |
| | * | |
| **Defendant.** | | |

---

## COMPLAINT

---

**COMES NOW**, Joe Phillips, Jr., ("Plaintiff") by and through the undersigned attorney and states his complaint as follows:

### THE PARTIES

1.      Plaintiff is a natural person, a resident of this district, a citizen of the State of Alabama and of the United States. Plaintiff is a "consumer" as defined by § 1681a(c) of the Fair Credit Reporting Act ("FCRA").

2.      Bank of America, N.A. ("BANA") is a foreign corporation incorporated under the laws of North Carolina and doing business in this district.

3.      BANA is a furnisher of information as defined in 15 U.S.C § 1681s-2 of the FCRA and/or a user of consumer credit reports.

4.      Experian Information Solutions, Inc., ("Experian") is a foreign corporation company incorporated under the laws of Ohio.

5.      Experian is a consumer reporting agency as defined in § 1681 of the FCRA.

1

## JURISDICTION

6.      This court has jurisdiction over this matter based upon 28 U.S.C. § 1331, because this dispute involves predominant issues of federal law. Defendants are liable to Plaintiff pursuant to the provisions of the "Consumer Credit Protection Act of 1968," 15 U.S.C. § 1601, et seq., as well as other applicable law.

## FACTUAL ALLEGATIONS

7.      October 5, 2005, Plaintiff entered into a finance agreement with Bank of America for the purchase of a motorhome. The total sales price was $458,404.04 and the amount financed was $228,856.03. The loan was financed at 6.25 percent over a 20-year period. The principal and interest payments were $1,677.14 with the first payment due November 19, 2005, and each successive payment due on the 19th of every month. The loan agreement provides that a late fee of 5 percent will be charged when payments are more than ten days past due.

8.      During the first few years after purchasing the motor home, the Phillips traveled and had the payments automatically deducted from Plaintiff's checking account, by Bank of America, on the 19th of every month.

9.      On or about December 2007 the Phillips stopped traveling and began writing checks to Bank of America for the monthly payments. Plaintiff would make the payments between the 19th and the 30th or 31st of every month. Usually, the payments were made before the 29th.

10.      At some point, BANA started treating the loan as if the payments were due on the first of each month. On numerous occasions, Plaintiff has made his payment between the 19th and the 29th of the month and BANA charged a 5 percent late fee. This went on for many months.

11.      BANA also reported the account as 30 days past due to credit bureaus.

12.     Plaintiff complained about this to BANA. Shortly after that, BANA corrected Plaintiff's account. It then and sent him a letter, dated March 22, 2010, stating that it would update its reporting of the account to credit bureaus and indicate that the account had never been paid 30 days late.

13.     During March of 2011, Plaintiff examined his Experian credit report and noticed that Bank of America was, again, consistently reporting his payments as paid 30 days late. Plaintiff contacted Bank of America and Experian by email and, again,  the reporting was corrected.

14.     During July 2013 Plaintiff attempted to refinance the motor home through BANA and was told he did not qualify because Experian was reporting that the account was habitually paid 30-days late. Plaintiff ordered his Experian report credit report and learned that that the delinquencies, which had been previously removed, were bring reported again.

15.     Mr. Phillips obtained his payment history from BANA, and it confirmed that he had never been as much 30 days late.

16.     Plaintiff filed an online dispute with Experian on July 30, 2013 about his BANA account and although Experian corrected some of its reporting of the account it still reported that the account had been paid 30 days late four times during 2012 and 2013.

17.     On August 1, 2013, Plaintiff wrote BANA disputing its reporting of his account to credit bureaus. Plaintiff included BANA's payment history with this correspondence.

18.     BANA responded on August 15, 2013, stating that its credit reporting was accurate.

19.     After a denial of credit, Plaintiff ordered his consumer report from Experian dated May 5th, 2015 and after examining the same, Plaintiff learned that Experian and BANA were, once again, reporting false information about him.

20.     As late as May 5th, 2015 adverse information contained in Plaintiff's credit report by Experian was as follows:

>    **BANA:**         Account paid 30 days late six times during last 24 months.

21.     Plaintiff advised Experian and BANA, in writing, numerous times of the inaccurate reporting the BANA account and requested a reinvestigation and correction of the same.

22.     After being informed and given evidence that reporting of the BANA account was incorrect both Experian and BANA "verified" that the account was reported accurately.

23.     Both defendants herein failed to correct the erroneous reporting of the account.

**COUNT ONE**
*Failure to Comply with § 1681s-2(b)*
*of the Fair Credit Reporting Act*

24.     This is a count against BANA for its failure to comply with § 1681s-2(b) of the FCRA.

25.     Plaintiff re-alleges the relevant previous paragraphs of this Complaint as if fully set out herein.

26.     After receiving notice of the dispute from Plaintiff and Experian and BANA:

a.      Failed to conduct an adequate investigation concerning the disputed information;

b.      Failed to review all relevant information provided by the consumer and supplied by consumer reporting agencies; and

c.      Failed to investigate promptly and report the investigation of the consumer to consumer reporting agencies continued to report the same misleading and inaccurate information and false complained of above and otherwise violated the FCRA.

WHEREFORE, Plaintiff, prays for actual damages, punitive damages, statutory damages, costs and attorney fees and such other relief as the Court deems proper.

## COUNT TWO
## NEGLIGENCE AND BREACH OF CONTRACT

27.     This is a count against BANA only.

28.     Plaintiff re-alleges the relevant previous paragraphs of this Complaint as if fully set out herein.

29.     On October 5th, 2005 Plaintiff entered into an installment loan agreement with BANA that called for payments to be made on the 19th of each month.

30.      According to the contract, if a payment was 10 or more days late Plaintiff was required to pay a late fee of 5% of the payment amount.

31.      At some time after the inception of the loan, BANA began, in breach of the parties' agreement, treating it as if the payments were due on the first of each month.

32.     This breach of contract caused Plaintiff to incur late fees and damage to his credit standing and good name.

33.     As stated above, BANA corrected its treatment of the account, but due to negligence and incompetence, eventually resumed collecting improper late fees and making inaccurate reports to credit bureaus.

34.     BANA knew that Plaintiff would be damaged if it did not take measures and adopt standards that would ensure that it properly reported Plaintiff's account to credit bureaus.

35.     BANA also knew that Plaintiff would be damaged if it did not take measures and adopt standards that would insure that it did not charge late fees it was not entitled to.

36.     BANA did not adopt procedures designed to prevent the conduct alleged above even though it knew that persons such as Plaintiff would be damaged as stated herein.

**WHEREFORE**, Plaintiff prays for actual damages, punitive damages, and other such relief as the Court deems proper.

### COUNT THREE

*FCRA Violations by Experian*

37.     This is a count against Experian for violations of the FCRA.

38.     Plaintiff re-alleges the relevant previous paragraphs of this Complaint as if fully set out herein.

39.     Experian failed and refused to adequately reinvestigate the disputed account of Plaintiff as required by the FCRA.

40.     After receipt if the information mentioned above, Experian reported to Mr. Phillips, on August 1, 2013, that his BANA account being reporting correctly.

41.     Experian, however, failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning the plaintiff in violation of 15 U.S.C. § 1681e(b).

42.     Experian failed and refused to send BANA all of the information regarding the disputed account that was supplied to it by the Plaintiff and his attorney in violation of 15 U.S.C. § 1681i(a)(2).

43.     Experian failed and refused to employ reasonable procedures to timely and properly reinvestigate the accuracy of the erroneous, negative data upon being notified by Plaintiff that such information was erroneous in violation of 15 U.S.C. § 1681i.

44.     Experian, through its actions and inactions, as described herein, caused great and irreparable injury to Plaintiff.

6

45.     In addition to actual or compensatory damages for its negligent conduct, Defendant Experian is liable unto Plaintiff in a sum to be assessed by the trier of fact for punitive/exemplary damages and/or for willful violation(s) of the provisions of the FCRA or other applicable federal laws.

**WHEREFORE**, Plaintiff prays for actual damages; statutory damages, costs and attorney fees, punitive damages; other such relief as the Court deems proper.

**DATED this the 17th day of June, 2015**.

Respectfully Submitted,

*/s/ Earl P. Underwood, Jr.*
Earl P. Underwood, Jr.
**UNDERWOOD & RIEMER, PC**
Attorney for Plaintiff *Joe Phillips*
21 S. Section Street
Fairhope, AL 36532
Main: 251.990.5558
Fax:  251.990.0626
E-Mail:  epunderwood@alalaw.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY OF THE ISSUES IN THIS CASE.**

*/s/ Earl P. Underwood, Jr.*
Earl P. Underwood, Jr.

**BANK OF AMERICA, N. A. WILL BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

| Registered Agent Name | C T CORPORATION SYSTEM |
|---|---|
| Registered Office Street Address | 2 NORTH JACKSON ST., SUITE 605 MONTGOMERY, AL 36104 |
| | |

**EXPERIAN INFORMATION SOLUTIONS, INC., WILL BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

| Registered Agent Name | C T CORPORATION SYSTEM |
|---|---|
| Registered Office Street Address | 2 NORTH JACKSON ST., SUITE 605 MONTGOMERY, AL 36104 |